# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **SYLVIA UNDERWOOD,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04CV00026 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JO ANNE B. BARNHART,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

In this social security case, I affirm the final decision of the Commissioner.

## *I. Background.*

Sylvia Underwood filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2005) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial

evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Underwood applied for benefits on January 11, 1999, alleging disability since December 9, 1998. By decision dated April 26, 2000, an administrative law judge ("ALJ") found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council remanded the case by order dated August 17, 2001, and the plaintiff received a hearing on April 3, 2002. By decision dated August 30, 2002, the ALJ found that the plaintiff was not disabled within the meaning of the Act because she retained the residual functional capacity ("RFC") to perform a significant number of sedentary jobs. The Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

The plaintiff was forty-seven years old at the time of the ALJ's decision. She has a limited (eighth grade) education and relevant past work experience as a

-2-

Case 2:04-cv-00026-JPJ-PMS   Document 14   Filed 07/30/05   Page 2 of 8   Pageid#: 54

restaurant dishwasher and server and a motel housekeeper. Underwood claims disability due to degenerative arthritis of the knees and back, bunions of the feet, and obesity. She has not engaged in substantial gainful activity since December 9, 1998, the alleged onset date of disability. In rendering his decision, the ALJ reviewed medical records relating to the plaintiff's treatment by Sherif Shoukry, M.D.; Antonio Peralta, M.D.; Thomas G. Olsen, M.D.; Joseph C. Claustro, M.D.; Leon H. Kircik, M.D.; and Frank Hancock, M.D.

Based upon the evidence, the ALJ determined that the plaintiff suffers from a combination of severe impairments, but that she retains a residual functional capacity to perform a range of sedentary work with limitations. With the assistance of vocational expert testimony, the ALJ found that the plaintiff could perform a significant number of jobs in the national economy.

### III. Analysis.

The plaintiff contends that the ALJ's decision is not based on the substantial evidence of record. Specifically, she argues that the ALJ erred by failing to give proper weight to Dr. Peralta, her treating source. For the following reasons, I disagree.

It is the duty of the ALJ to evaluate all medical evidence and to determine what weight to accord such evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (2004). The ALJ is entitled to give less weight to an opinion or any portion of the evidence which is not supported by or is otherwise inconsistent with the other evidence in the record. *See* §§ 404.1527(d)(3)-(4), 416.927(d)(3)-(4). The ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion. *See* 20 C.F.R. § 404.1527(d).

Circuit precedent does not require that a treating physician's testimony "be given controlling weight." *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). While the regulations provide that a treating source's opinion on the nature and severity of impairments will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

-4-

A medical expert's opinion as to the ultimate conclusion of disability is not dispositive; opinions as to disability are reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1). Generally, an expert's opinion is given more weight the more the medical source presents relevant evidence to support it and the better the source explains the opinion. *See id.* § 404.1527(d)(3). In addition, the more consistent the opinion is with the record as a whole, the more weight it will be given. *See id.* § 404.1527(d)(4). Medical findings must also be supported by "medically acceptable clinical and laboratory diagnostic techniques." *See id.* § 404.1526(b) (2004).

In the present case, the plaintiff asserts that the ALJ erred in not giving proper weight to her treating source, Dr. Peralta. (Pl.'s Br. at 6.) In regard to the plaintiff's physical condition, the ALJ did indeed consider Dr. Peralta's opinion, stating "I have incorporated much of Dr. Peralta's limitations into the [plaintiff's] residual functional capacity . . . [t]he impartial medical expert was in agreement with much of Dr. Peralta's physical restrictions as well." (R. at 20-21.) However, the ALJ noted that Dr. Peralta did not provide a rationale for reducing the plaintiff's lifting ability in two different assessments.[1] Still, the ALJ incorporated many of Dr. Peralta's restrictions

---

[1] In August 1999, Dr. Peralta opined that the plaintiff could lift twenty pounds and sit and stand/walk for two hours each without interruption during an eight hour day. (R. at 134-35.) However, in April 2001, Dr. Peralta stated that the plaintiff could only lift up to

-5-

in the plaintiff's RFC, although he found the opinion of Dr. Wile, the medical expert, most persuasive. Dr. Wile opined that the plaintiff should not stand or walk for prolonged periods of time, but that she could stand for one hour at a time and sit for two hours at a time. (R. at 301.) He added that the plaintiff could occasionally crouch, but never climb, kneel, or crawl. (R. at 303.) Based on the opinions of Drs. Wile and Peralta, the ALJ found that the plaintiff retained the RFC for a reduced range of sedentary work, which included the following limitations: "walk and stand 1 hour and sit 1 hour at one time, but must be permitted a sit/stand option . . . limited in her ability to lift to the sedentary level . . . [and] precluded from climbing, kneeling, or crawling, but can occasionally crouch and stoop." (R. at 23.)

The plaintiff also argues that the ALJ should have adopted Dr. Peralta's mental RFC assessment.[2] The ALJ noted Dr. Peralta's mental RFC assessment, but ultimately concluded that it was unsupported by any evidence. (R. at 21.) Indeed, the

---

five pounds, but that other limitations essentially remained the same. (R. at 228-30).

[2] In addition, the plaintiff argues that the ALJ erred by stating that "Dr. Peralta has no medical speciality in evaluating mental impairments." (R. at 21.) The plaintiff cites two Ninth Circuit cases that support the proposition that a licensed physician is qualified to state a medical opinion regarding a claimant's mental state even though he or she is not a psychiatrist. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). While this may be true, the *Crane* court added that the ALJ permissibly rejected three psychological "check-off" reports because they did not contain any explanation of the basis of their conclusions. *Crane*, 76 F.3d at 253. Such an unsupported psychological check-off report is precisely what Dr. Peralta completed, and, in addition to the other reasons stated, it was thus permissible for the ALJ to reject it.

ALJ pointed out that "the claimant has never been diagnosed with a mental illness and has never received any treatment from a psychiatrist, psychologist, or therapist." (*Id.*) On the contrary, Dr. Shourky described the plaintiff as alert and oriented, with good long and short term memory, with no cognitive deficits. (R. at 110.) In any event, aside from indicating that the plaintiff has a poor ability to follow work rules,[3] Dr. Peralta's mental RFC assessment indicated that the plaintiff was "good" in all other areas. (R. at 231-32.) Therefore, rejecting Dr. Peralta's mental RFC assessment was permissible because there was conflicting evidence on the issue of the plaintiff's mental impairment from which the ALJ could choose.[4]

In addition to these medical findings, the ALJ properly considered the plaintiff's subjective complaints of pain. While the ALJ acknowledged that the plaintiff's impairments would limit her ability to perform a full range of work, her complaints of pain were contradicted by her daily activities, which included going to the mall and doing light housework. (R. at 258, 260, 269, 297.) While not a determining factor, the ALJ added that there was a lack of medical records to support

---

[3] On a mental RFC assessment in April 2003, Dr. Peralta had indicated that the plaintiff had a "good" ability to follow work rules. (R. at 244.)

[4] It is the duty of the ALJ to evaluate all medical evidence and to determine what weight to accord such evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (2004). The ALJ is entitled to give less weight to an opinion or any portion of the evidence which is not supported by or is otherwise inconsistent with the other evidence in the record. *See id.* §§ 404.1527(d)(3)-(4), 416.927(d)(3)-(4).

-7-

the plaintiff's subjective complaints of pain,[5] which damaged the plaintiff's credibility.[6]

In sum, the Commissioner's determination that the plaintiff is not disabled and can perform a range of sedentary work with limitations is supported by substantial evidence in the record.

## IV. *Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: July 30, 2005

/s/ JAMES P. JONES
Chief United States District Judge

---

[5] Dr. Grosh, who reviewed the plaintiff's laboratory studies, stated that an MRI of her spine did not reveal a neurogenic cause of her discomfort. (R. at 212.)

[6] Credibility determination are for the ALJ to make. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983).

-8-